UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LUIS ALEJANDRO LOPEZ,

Petitioner,

2:13-cv-00506-CL

v.

FINDINGS AND RECOMMENDATION

MS. J. TAYLOR,

Respondent.

CLARKE, Magistrate Judge.

Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment from the Multnomah County Circuit Court after a conviction for Aggravated Murder. Exhibit 101. After a jury convicted petitioner, the trial court imposed a sentence of life imprisonment with a minimum term of 30 years.

Petitioner directly appealed his conviction, but the

Oregon Court of Appeals affirmed in a written opinion. The Oregon Supreme Court denied review. Exhibits 105 - 110.

Petitioner filed a Petition for Post-Conviction Relief, Exhibit 111, and the Umatilla County Circuit granted relief. Exhibit 127. The State appealed and the Oregon Court of Appeals affirmed in a written opinion and the Oregon Supreme Court denied review. Exhibits 128 - 135.

Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 alleging two grounds for relief. In Ground One, petitioner asserts that the Oregon Department of Corrections (ODOC) has refused to grant him credit for time served. Petitioner's other claim for relief is that the prosecution failed to comply with an agreement to recommend that the Oregon Board of Parole and Post-Prison Supervision release petitioner on parole after serving 20 years. Petition (#1) p. 5 - 6.

Petitioner, who is represented by counsel, has not submitted any evidence or argument in support of his claim that he has improperly been denied credit for time served. Therefore petitioner's claim in this regard is deemed waived and/or abandoned. See, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), *cert. denied* 2007 US LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove them]; see also, Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.

1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief].

The relevant facts are set forth in the parties briefs and are not disputed. The critical fact in this proceeding is that as part of the plea agreement forming the basis for petitioner's conviction, the parties agreed that "the District Attorney shall affirmatively recommend, via letter to the Parole Board, that defendant be paroled after serving a term of twenty (20) years." Resp. Exhibit 124, p. 2.

Petitioner served twenty years, after which he was to appear before the Parole Board in January, 2006. Prior to that appearance, petitioner wrote to Mr. Norman Frink, the Chief Deputy District Attorney for Multnomah County, reminding him of the states agreement to write a letter to the Parole Board and requesting that he do so. Respondents Ex. 113. Mr. Frink did not respond and no letter was sent to the Board of Parole.

Petitioner's parole hearing was continued until April, 2006 at which time petitioner was represented by Mr. Stephen Lipton. On March 12, 2006, Mr. Lipton wrote to Mr. Frink, requesting that he write a letter to the Board, but Mr. Lipton received no response. Resp. Exhibit 114. Mr. Lipton also telephoned Mr. Frink and left a message. Again, he received no response.

Mr. Lipton filed a brief with the Board in which he referred to the letter he had written and to the state's agreement to recommend that petitioner be paroled after 20 years. Respondent's Ex. 115. On April 12, 2006, the Board denied petitioner's request to find him eligible for parole after 20 years. Resp. Exhibit 132, p. 4.

In February, 2007, petitioner wrote the Board asking whether it had received a letter from the Multnomah County District Attorney. The Board replied that it had not. Resp. Exhibit 128, ER 11. On March 2, 2007, Mr. Steve Wax, the Federal Public Defender for the District of Oregon, wrote to Mr. Frink regarding petitioner's "concern" that his agreement with the state was not being fulfilled. Resp. Exhibit 118.

On April 16, 2007, Mr. Frink wrote a letter to the Board recommending that petitioner "be released with the expiration of the initial 20-minimum under the aggravated murder statute." Resp. Exhibit 119.

On or about September 8, 2007, petitioner filed a petition for post-conviction relief alleging that the state had breached the plea agreement that had induced him to plead guilty.[1] Resp. Exhibit 111. As a remedy, petitioner sought

---

1 Petitioner entered a *de facto* guilty plea through the stipulated facts trial. The Oregon Court of Appeals treated the agreement as a plea agreement. *See*, Lopez v. Mills, 249 Or. App. 674, 678 n. 5.

an order releasing him on parole, or alternatively an order vacating his functional guilty plea. Resp. Exhibit 111, p. 9; Resp. Exhibit 112, pp. 6-8; *see also*, Resp. Ex. 121 (Opposition to Motion to Dismiss).

Before the post-conviction hearing took place, the State, in its trial memorandum, conceded that it had unintentionally failed to send the letter to the Board and argued that the proper remedy would be to order the Board to give petitioner a new hearing.

After a hearing and extensive argument, the PCR trial court issued a judgment acknowledging the parties agreement that the prosecution had breached its agreement with petitioner by not timely writing a letter to the Board. Resp. Ex. 127. The court found that the letter "certainly would have been one of the factors the board would have considered in making its determination." *Id.* However, the court found that it was not "appropriate to substitute its opinion for that of the board," *Id.*, and declined to order that petitioner be released on parole. Instead, the court ordered the Board to hold another parole hearing. It further ordered the Multnomah County District Attorney to submit another letter to the Board in accordance with the agreement, and that the Attorney General's office "assist in scheduling a new parole hearing ASAP after the recommendation is submitted so that the

board may consider all the evidence supporting the release of Mr. Lopez." *Id.* p. 3.

Petitioner appealed and the appellate court affirmed holding that specific performance in the form of a second parole hearing, and the order that the State send a new letter to the Board constituted an adequate remedy for the breach of the plea agreement. The Oregon Supreme Court denied petitioner's petition for review. Resp. Ex. 143.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application'

inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000). Thus, to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possible fairminded disagreement." Harrington v. Richer, 131 S. Ct. 770, 780 (2011).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003); *see also*, Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004).

In affirming the PCR trial court's judgment that specific performance in the form of a new parole hearing and the prosecutor's letter recommending release was an adequate remedy for the breach of the plea agreement, the Oregon Court of Appeals noted that a "post-conviction court has broad authority and discretion to craft remedies." The United States Supreme Court has similarly held that "the ultimate relief to which petitioner is entitled [for the breach of the

state's breach of a plea agreement] we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of [a] case require only that thee be specific performance," or some other form of relief. Santobello v. New York, 404 U.S. 257, 262-63 (1971); *see also*, Pierre v. Thompson, 666 F.2d 424, 427 (9th Cir. 1982); Arevalo v. Farwell, 2008 WL 820194, *9 (D. Nev. 2008).

I find that the Oregon Court of Appeals decision affirming the PCR court's judgment[2] was neither contrary to nor an unreasonable application of clearly established United States Supreme Court precedent and therefore entitled to deference by this court.

In addition, although the Multnomah County District Attorney's failure to initially provide the letter as promised and failure to respond to the repeated inquiries from petitioner and his counsel was rude and unprofessional, I agree that specific performance in the form of a second parole hearing and order that the state send a new letter to the Board, constituted a reasonable and adequate remedy for the breach of the plea agreement.

Based on all of the foregoing, petitioner's Petition (#1)

---

[2]The Oregon Court of Appeals written decision affirming the PCR trial court's judgment constitutes the "last reasoned decision." *See*, Murray v. Schriro, __F3d__, 2014 WL 998019, *18 (9th Cir. March 17, 2014) (on habeas review, federal court reviews the "last reasoned decision" from the state court.)

should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

////

////

////

## *Certificate of Appealability*

***Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).***

DATED this 3 day of April, 2015.

Mark D. Clarke
United States Magistrate Judge